Commonwealth vs. Viers.

------

CASE 8—INDICTMENT—JUNE 7.

# Commonwealth vs. Viers.

APPEAL FROM JEFFERSON CIRCUIT COURT.

The statute (*Myers' Sup.*, *p.* 504) allowing the absence of the defendant as a volunteer in the army of Kentucky, or of the United States, as grounds of continuance in prosecutions, applies alike to those indicted before and after its passage.

Jno. M. Harlan, Attorney General, for Commonwealth.
Jeff. Brown for appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This record presents the single question whether future prosecutions, as well as those then pending, are embraced by the provisions of the act of March 11, 1862, entitled "An act for the benefit of soldiers in the armies of the State of Kentucky and the United States." (*Myers' Supplement to the Rev. Stat.*, *p.* 504.)

The immediate and superinducing cause of the enactment is set out in the preamble to be a knowledge that, in many of the courts, bonds and recognizances for penal and criminal charges have been entered into by those who have since volunteered as soldiers in the army of the United States, and who cannot, therefore, appear in court to answer those charges.

Section 1 provides, that it shall be good cause of continuance, in all cases of prosecutions for crimes and misdemeanors pending in the courts, where the person or persons charged by indictment or otherwise in such proceedings have, since the commencement of the same, volunteered and entered the military service of the State of Kentucky, or of the United States, and who shall, at the calling of the prosecution, be in either of said armies, and absent from the county where the prosecution is pending.

Kentucky, at that period, adhered to the cause of the United States, was furnishing both men and means to prosecute its war against the rebellion, and thus, being a party to the war, was involved in it; and acknowledging her obligation to keep up her quota in the Federal army, she was interested, not only in superinducing her citizens to volunteer to discharge this obligation, but also deeply interested in being defended and protected against the hostile incursions of the public enemy into her borders. And in looking at the preamble, the context, objects, &c., of this statute, we are constrained to conclude that it was the legislative intent to embrace future as well as then pending prosecutions.

The object of the statute was not to grant immunity to crime, but, as the State was then involved in a war, to postpone the investigation of all those prosecutions, where the

defendant should engage in the military service of his country, and to treat such service as a reasonable excuse for not appearing to answer the indictment until such service should be terminated; and as non-appearance for such cause was not to be regarded as a default on his part, it could fix no liability on his sureties.

It appearing in this case, that, after the defendant entered into the recognizance, he enlisted in the United States armies, and was still in its military service, the court properly refused to render judgment against his sureties for a forfeiture, and the judgment is affirmed.